**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CORNELIUS VANN                                                                                    PLAINTIFF
ADC #149251

v.                                                5:17CV00032-BRW-JJV

L. SMITH, Corporal,
Cummins Unit; *et. al*.                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.       INTRODUCTION

Cornelius Vann ("Plaintiff") is an inmate of the Cummins Unit of the Arkansas Department

of Correction ("ADC").  He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming

Defendants violated his constitutional rights by failing to protect him from an assault by another

inmate.  After careful consideration, I conclude Plaintiff's Complaint should be dismissed for failure

to state a claim upon which relief may be granted.

## II.      SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,*

780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.   ANALYSIS

Mr. Vann states Defendants Smith and Meadows placed him in handcuffs (behind the back) to be escorted to the shower.  (Doc. No. 2 at 4.)   When Mr. Vann was restrained, another inmate seized the opportunity to attack him.  (*Id.*)  His assailant stabbed him in the face three times.  (*Id.*) Plaintiff says, during the attack, Defendants "just stood there and watched.  They didn't attempt to intervene nor prevent the situation from happening."  (*Id.*)  Plaintiff states, "After I tried to defend myself. . . Corporal L. Smith open[ed] the cell door and pulled me out." (*Id.*)

From a common sense standpoint, it is understandable how Plaintiff feels he was wronged. However, these unfortunate events simply fail to establish a constitutional violation.  To establish a successful Eighth Amendment failure to protect claim, Mr. Smith must establish that Defendants actually knew of a substantial risk and failed to respond reasonably. *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010).  Here, taking Plaintiff's claims at face value, the attack was a surprise.  Plaintiff never indicated that he feared his assailant or that he was in any potential danger prior to the attack.  So Mr. Vann has wholly failed to show Defendants actually knew of any substantial risk prior to the assault and his cause of action should be dismissed on this basis alone.

I am also unable to see how Defendants failed to reasonably respond when he was attacked. By Mr. Vann's own words, Defendants were outside of the locked cell when Plaintiff was attacked. (*Id.*)  Plaintiff was stabbed three times before Defendants were able to enter the cell and restrain the

3

attacker. (*Id*.) But Plaintiff says once the cell door was open, Defendant Smith immediately pulled Plaintiff out of the cell. (*Id*.) Plaintiff has provided no facts to support his allegation that Defendants failed to reasonably respond when Plaintiff was attacked in his locked cell.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1]

3.      The Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 21st day of February, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. §1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."